■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PEDRO PADILLA, Appellant.— Judgment entered December 13, 1968 convicting defendant of possessing narcotics with intent to sell (former Penal Law, § 1751, subd. 2) and sentencing him to a term of 7 to 10 years, reversed, on the law, and a new trial directed. The issue was whether the defendant had constructive possession of a bag containing two ounces of heroin discovered in the search of an apartment. Following the charge and further instruction by the court pursuant to the jury's request for an interpretation of the law pertaining to subdivision 2 of section 1751 of the Penal Law, the jury sought additional clarification as to the effect of the statutory presumption of intent to sell arising from the possession of heroin of one or more ounces. Still not satisfied or understanding the court's answer to this last request, an individual juror asked the court " May the jurors also disregard the presumption because he feels that actual intent to sell or barter was not established by the People." In reply the court said that the jury " would be justified in drawing the inference that a person possessing more than one ounce of heroin * * * did not possess it for his own personal use and that there was an intent on his part to sell." Ten minutes later the jury returned to the courtroom and found the defendant guilty of the first count of the indictment charging defendant with the crime of violating subdivision 2 of section 1751 of the Penal Law. In view of the countervailing evidence and as suggested by counsel for the defendant, the court should have answered the juror's question with a categorical " Yes " or should have advised the jury that they need not necessarily draw the inference of intent to sell. The failure of the court to define for the jury the rebuttable nature of the presumption compounded the error in the charge already given and seriously prejudiced the defendant. The court had previously charged that although a defendant had the right to rebut the presumption, " In this case there is no evidence to the contrary * * * there is no evidence to rebut it ". There was in fact evidence to rebut the presumption, not the least of which was the defendant's denial of ownership, possession or control of the narcotics. In the face of the evidence negativing defendant's constructive possession of the heroin, the jury should have been charged that it was for them to determine whether the presumption had been destroyed, and, further, absent the presump-

tion, giving consideration to all the testimony, whether the People had established the defendant's guilt beyond a reasonable doubt. A new trial is directed. Upon this appeal from the judgment of conviction defendant has also brought up for review two intermediate orders dated April 17, 1968 and October 31, 1968. Although the judgment of conviction is being reversed and a new trial directed, we find no error in the intermediate orders appealed from. Order entered December 13, 1968, denying defendant's motion for a new trial dismissed as academic. Concur — Capozzoli, J. P., McGivern, Nunez and Tilzer, JJ.; McNally, J., dissents and votes to affirm in Appeal No. 2088 (judgment rendered December 13, 1968), in the following memorandum: I dissent and vote to affirm. The sole ground advanced for reversal is error as to the court's additional charge bearing on the statutory presumption of possession of narcotics with intent to sell (former Penal Law, § 1751, subd. 2). The record, particularly the inquiries of the jury following the main charge, establishes that the jury had concluded that the narcotics were in the possession of the defendant. The jury's uncertainty was as to the defendant's intent to sell. One of the questions propounded by the jury was: " May the jurors also disregard the presumption because he (sic) feels that actual intent to sell or barter was not established? " Thereon the court charged it is the burden of the People to establish the intent to sell and that there is a statutory presumption of intent to sell deriving from possession of the quantity and content of the narcotics involved. In addition, the court charged " That doesn't mean that you have to accept that presumption." Defendant's counsel thereafter suggested that the jury can infer anything and the court indicated agreement. Moreover, the main charge included the instruction " Now, that doesn't mean that you have to accept that presumption. That's a presumption that the law states that a jury has a right to assume. Of course you have a right to say, well, from all the evidence you have a right to say even though we believe the testimony as to unlawful possession and the testimony we heard as to weight and amount, we're not going to accept that presumption." The instructions on the issue of intent to sell were correct. No exceptions were taken by the defendant. The view that the instructions therein constituted error is without basis in the record.